IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISAAC HUDSON, | § | |
| (TDCJ-CID #582314) | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-04-3498 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, *et al.*, | § | |
|     Defendants. | § | |

**MEMORANDUM AND OPINION**

Plaintiff Isaac Hudson is a former inmate of the North Texas Intermediate Sanction Facility, a division of the Texas Department of Criminal Justice (TDCJ). Hudson sued the TDCJ and Cornell Corrections, which operates a half-way house, under 42 U.S.C. § 1983.[1] The TDCJ has moved to dismiss for lack of jurisdiction and for failure to state a claim. (Docket Entry No. 9). Cornell Corrections has also moved to dismiss for failure to state a claim. (Docket Entry No. 13). For the reasons explained below, this court grants the motions to dismiss and, by separate order, dismisses this case.

**I.      Hudson's Allegations**

---

[1] Through telephone inquiry, the court has learned that the Reid Community residential facility is a pre-release facility, or halfway house. This facility is operated by Cornell Companies, Inc. under a contract with the TDCJ.

Hudson asserts that he was convicted and sentenced in 1991 in Chambers County, Texas for possession of marijuana and failure to pay child support. (Docket Entry No. 19, Plaintiff's Supplement to Complaint, p. 2). He received two eight-year sentences, to be served concurrently. The Texas Board of Pardons and Paroles ("Board") released Hudson to mandatory supervision in November 1991, apparently without conditions such as electronic monitoring or "house arrest." Hudson's release was revoked in December 1998. Hudson states that he was released again in February 2001, without electronic monitoring or "house arrest." Hudson asserts that he was returned to custody in February 2002. Hudson complains that his release dates do not include credit for time that he spent on supervised release, that is, street time, in violation of Texas law.[2]   Hudson also complains that when he was released again,

---

[2] Before September 2001, Texas law allowed the Board of Pardons and Paroles to disregard the street time a prisoner accumulated while on release. TEX. GOV'T CODE ANN. § 508.283 (Vernon 1998). Prisoners had no liberty interest in retention of street time upon revocation of their parole. *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001). The 77th Legislature passed House Bill 1649, now codified at Texas Government Code § 508.283(c), which grants certain offenders, who have their parole or mandatory supervision revoked on or after September 1, 2001, credit for the portion of time they spent on parole or mandatory supervision, *i.e.,* street time credit. The Fifth Circuit has held that this amendment may have created a protected liberty interest in retention of street time by some prisoners, like Hudson, whose release was revoked after September 1, 2001. *See Whitley v. Dretke*, No. 04-20392, WL 1895117 (5th Cir. Aug. 25, 2004).

Section 508.283 provides, in relevant part:

> (b) If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of

he was required to wear an electronic monitor and to stay in a halfway house, rather than be released to his mother's house. Hudson complains that the Board did not afford him due process before placing him under house arrest and electronic monitoring. (Docket Entry No. 12, p. 5). Hudson also complains that when he was at the halfway house, his supervisor imposed such stringent scheduling that he was unable to return to the halfway house on time and, as a result, in March 2004 was again arrested for violating the conditions of his parole.

As to Cornell Corrections, Hudson complains that when he was arrested in March 2004 for a parole violation, a Cornell Corrections officer would not let Hudson have his property before he was taken to the Harris County Jail. Hudson seeks

---

revocation.
(c) If the parole, mandatory supervision or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant of summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the persons release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN. § 508.283(b), (c) (Vernon Supp. 2004) (emphasis added).

compensation for his lost property.

Hudson asks this court to act on his claims. He also seeks damages. (Docket Entry No. 12, p. 2).

**II.   Analysis**

Under Rule 12(b)(1), a plaintiff's claim must be dismissed when the court lacks jurisdiction over the subject matter of that claim. Rule 12(b)(1) requires the dismissal of a case for want of subject matter jurisdiction when the district court lacks the statutory and constitutional power to adjudicate the case. A district court may dismiss a case for want of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996). The burden for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. However, a court must take the facts as true and resolve inferences and doubts in the plaintiff's favor. *In re Supreme Beef Processors, Inc.*, 391 F.3d 629, 633 (5th Cir.2004).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before

addressing the attack on the merits.  This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice.  *Id.*

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed. R. Civ. P. 12(b)(6).  The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)*; see also Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir.1997).   A motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir.1992). When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any theory. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994).

The TDCJ moves to dismiss Hudson's claims for lack of subject matter jurisdiction.  The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any

suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. 11.  "Although by its terms the Amendment applies only to suits against a State by citizens of another State, . . . the Amendment's applicability [has been extended] to suits by citizens against their own States." *Bd. of Trustees of the Univ. of Ala. v. Garrett,* 531 U.S. 356 (2001).  The Supreme Court held in *Ex parte Young* that the doctrine of sovereign immunity bars suit against a state agency because, in such a case, the State itself is the real party in interest.  Consequently, such a lawsuit is barred  whether it seeks damages or injunctive relief.  *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

   Under the Eleventh Amendment, states or their agencies may not be sued unless they have consented  to the particular type of suit. *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996); *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Pennhurst,* 465 U.S. at 100.  A state's consent to suit may also create conditions under which suit against it may be brought.  For example, the Texas Tort Claims Act allows an individual to bring claims against the State of Texas, but provides that all such claims must be brought in state court. TEX. CIV. PRAC. & REM. CODE § 101.102(a)(Vernon 1997)("A suit under this chapter shall be brought in state court in which the cause of action or a part of the cause of action arises.").  Congress may act to permit suit

despite Eleventh Amendment immunity, but must do so specifically. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234 (1985).

The TDCJ is an agency of the State of Texas and is immune from suit under the Eleventh Amendment. *Harris v. Angelina County*, 31 F.3d 331, 338 (5th Cir. 1994)(citing *Ruiz v. Estelle*, 679 F.2d 1115, 1136-37 & n.75 (5th Cir. 1982)(dismissing claims against the Board of the predecessor of the TDCJ, because the Board was "merely an agency of the state"), *cert. denied,* 460 U.S. 1042 (1983)); *Loya v. Texas Dep't of Corrections,* 878 F.2d 860, 861 (5th Cir. 1989)(holding the predecessor to the TDCJ immune from suit under Eleventh Amendment). Hudson's claims against the TDCJ are barred by the Eleventh Amendment. The TDCJ's motion to dismiss for lack of jurisdiction is GRANTED.

Hudson also complains of the deprivation of property while he was confined at the Reid Community Residential Facility, which is operated by Cornell Corrections. An inmate's allegation that his property was lost or damaged, or its receipt delayed by a prison official, does not state a claim under 42 U.S.C. § 1983, even when the prison official acted intentionally. *Hudson v. Palmer*, 468 U.S. 517 (1984). In Texas, when an inmate's property is taken without compensation, he has a remedy in state court, not a federal court claim under 42 U.S.C. § 1983 for loss or damage to property, unless there is no post-deprivation remedy or the remedy is inadequate. *Marshall v.*

*Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). Hudson has not alleged facts that, if proven, would entitle him to the relief he seeks. Cornell Corrections' motion to dismiss is GRANTED.

## IV. Conclusion

The TDCJ's motion to dismiss for lack of jurisdiction, (Docket Entry No. 9), is GRANTED. Cornell Corrections's motion to dismiss for failure to state a claim, (Docket Entry No. 13), is GRANTED. The action filed by Isaac Hudson (former TDCJ-ID #582314), is DISMISSED. Hudson's motion for default judgment, (Docket Entry No. 11), is DENIED. Hudson's motion for temporary restraining order, preliminary injunction, and appointment of counsel, (Docket Entry No. 12), and motion for production of documents, (Docket Entry No. 14), are DENIED as moot. Hudson filed a motion for extra law library time while he was confined at the Harris County Jail. Hudson's most recent pleading shows he is residing at the Reid Community Residential Facility. (Docket Entry No. 19). Hudson's motion for extra law library time, (Docket Entry No. 18), is DENIED as moot.

Hudson appears to contend that the Texas Board of Pardons and Paroles improperly calculated his release date. Hudson appears to contend that once he is awarded the "street" time credits, he is entitled to early release to mandatory supervision. A habeas petition is the proper vehicle to raise this claim, not a claim for

damages or for an injunction. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *see Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989). Hudson filed a petition for a writ of habeas corpus under 42 U.S.C. § 1983. (Docket Entry No. 19, Plaintiff's Supplement, p. 1). To the extent that Hudson challenges the fact or duration of his confinement, he must present those habeas claims in a petition under 28 U.S.C. § 2254. Hudson's habeas claims are DISMISSED without prejudice to refiling under 28 U.S.C. § 2254 as long as he has first presented the claims to the state courts.

      SIGNED on June 6, 2005, at Houston, Texas.

                                          _____
                                                Lee H. Rosenthal
                                          United States District Judge